## KANE v. PUGET SOUND POWER & LIGHT CO.

### No. 8111.

Circuit Court of Appeals, Ninth Circuit.

March 6, 1937.

Funkhouser & Twohy, of Spokane, Wash., and Thomas Balmer and Edwin C. Matthias, both of Seattle, Wash., for appellant.

Todd, Holman & Sprague and Clarence R. Innis, all of Seattle, Wash. (A. J. O'Connor [of Crollard & O'Connor], of Wenatchee, Wash., and Emory E. Hess and Lowell P. Mickelwait, both of Seattle, Wash., of counsel), for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, a citizen of Washington, brought this action against appellee, a Massachusetts corporation, to recover damages alleged to have been caused by the construction of a dam in the Columbia river. The complaint is in two counts, stating what purport to be two causes of action. The first is for $80,000, the second for $20,000. The District Court sustained a general demurrer to the complaint and to each count thereof and (appellant having declined to plead further) entered a judgment of dismissal. This appeal followed.

The first count of the complaint alleges that appellant was the lessee of some booms which had been constructed in the Columbia river for the purpose of catching and collecting logs and driftwood floating down the river; that appellant was for a long time engaged in the business of operating said booms, collecting logs and driftwood by means thereof, converting such logs and driftwood into marketable wood, and marketing such wood at and in the vicinity of Wenatchee, Wash.; that the Washington Electric Company constructed a dam in said river at Rock Island, Wash., several miles below appellant's place of business;[1] that the construction of said dam increased the depth of the water and the speed of the current at appellant's place of business; that appellant was thereby prevented from going to his place of business and removing therefrom 25,000 cords of logs and driftwood which he had collected by means of said booms, and which, but for the construction of said dam, he would have removed and converted into marketable wood; that, in consequence thereof, some of said logs and driftwood were destroyed by fire, the remainder thereof were, together with said booms, swept away and lost, and appellant's business was entirely destroyed; all of which damaged appellant in the sum of $80,000; and that appellee is the successor in interest and has assumed all liabilities of the Washington Electric Company.

There is no allegation that the dam was unlawfully, improperly, or negligently constructed, operated, or maintained. The gist

---

[1] Appellant's business appears to have been conducted in the river. The complaint does not indicate that he had any other place of business.

of appellant's first count is that the construction of the dam increased the depth of the water and the speed of the current at his place of business, and that this increase caused the damage complained of. Thus, without directly so alleging, this count assumes that appellant had a right to have the river flow naturally to and from his place of business, without alteration as to depth of water or speed of current, and that, in interfering with this right, appellee's predecessor committed an actionable wrong. There is no suggestion that any other right was invaded or any other wrong committed.

The assumption that appellant had the right here claimed to have been invaded is not warranted by the facts stated in the complaint. Appellant does not claim to have been a riparian proprietor. There is no allegation that he owned or had any right, title, or interest in or to any land bordering on or contiguous to that portion of the river in or on which his business was conducted. The complaint alleges that appellant was the assignee of a "booming lease" which the state of Washington "issued" to his assignor, and which "covered" the unplatted first-class shore lands [2] in front of certain designated lots, but this lease is not set out nor its terms stated in the complaint. We therefore have no way of knowing what rights, if any, it conferred. There is no allegation that appellant's business was conducted on the shore lands referred to, or that these lands were on, in, or under that portion of the river which he used as a place of business, or that he ever occupied or used these lands for any purpose. The connection, if any, between the booming lease and the business alleged to have been carried on by appellant is not shown. It therefore cannot be said that this lease gave appellant a right to the natural (unaugmented, unaccelerated) flow of the river at the place where he conducted his business. It is not alleged or suggested that appellant derived such a right from any other source. The demur-

rer to the first count of the complaint was properly sustained.

The second count alleges that the Columbia Timber Products Company constructed in the Columbia river a system of booms which were valuable for the purpose of catching and holding logs and driftwood which might come down the river; that the Washington Electric Company constructed a dam in said river at Rock Island, Wash.; that the construction of said dam increased the depth of the water and the speed of the current at the place where said booms were constructed; that, in consequence thereof, said booms were swept away and totally destroyed; that, as a result, appellant has been damaged in the sum of $20,000; and that appellee is the successor in interest and has assumed all liabilities of the Washington Electric Company.

This count does not indicate how appellant was or could have been damaged by the destruction of the booms therein referred to. There is no allegation that appellant owned or had any right, title, or interest in or to the booms, or that he ever used them or had anything to do with them. It is alleged that, after the booms were destroyed, all the assets of the Columbia Timber Products Company were assigned to J. L. Kane, agent, and that in said transaction, J. L. Kane, agent, was acting for the creditors of the Columbia Timber Products Company, but there is nothing to indicate that the assigned assets included the cause of action here attempted to be stated, or that the Columbia Timber Products Company ever had any such cause of action. That company is alleged to have constructed the booms referred to, but there is no allegation that it owned them or had any right, title, or interest in or to them, or that it was in any way injured or damaged by their destruction. The demurrer to the second count was properly sustained.

Judgment affirmed.

[2] By section 7833 of Remington's Revised Statutes, "shore lands" are defined as "lands bordering on the shores of navigable lakes and rivers below the line of ordinary high water and not subject to tidal flow." Section 7961 provides that tide and shore lands of the first class shall comprise "all tide and shore lands within or in front of the limits of any incorporated city or town, or within two miles thereof on either side, including submerged lands lying between the line of mean low tide and the inner harbor line, wherever harbor lines have been established or shall be established."